GEORGE W. PATTERSON ET ALS. ADS. THE INHABITANTS OF THE TOWNSHIP OF FREEHOLD, IN THE COUNTY OF MONMOUTH.

1. P., the township collector, failed to pay over to the county collector the two mill tax collected by him in 1872; in 1873 a like sum was to be paid by the county collector to P., to be applied to schools. P. and the county collector met in March, 1873, and, in settlement of these matters, exchanged checks. *Held*, that if P. squandered the money received in 1872, the sureties on his official bond for that year must respond for it, and cannot shift the burden upon the sureties of 1873 by the mere ceremony of exchanging checks. If P. had no funds in bank to meet his check, but was to make it good by the deposit of the county collector's check, he thereby received no money, for which his sureties of 1873 are liable.
2. Sureties for the fidelity of a person in an office of limited duration are not liable beyond that period, nor are they liable for past defaults, unless made so in terms.

On rule to show cause.

Argued at November Term, 1875, before the CHIEF JUSTICE, and Justices DEPUE and VAN SYCKEL.

For the defendants, *Wm. H. Vredenburgh.*

For the plaintiffs, *Joel Parker.*

The opinion of the court was delivered by

VAN SYCKEL, J. The only question in this case is, whether the sureties on the collector's bond for 1872 or 1873 are liable for the two mill tax assessed for school purposes in 1872?

Under the act of 1871, *p.* 94, this tax, when collected by the township collector, is paid to the county collector, who is required to pay it to the state treasurer on or before the 1st day of January. The moneys received from this source are then apportioned among the several counties, and the propor-

tion of each county returned by the state, treasurer to the county collector, who distributes it according to law among the township collectors, to be paid out for school purposes. *Revision*, 1874, *p.* 788, § 84.

Patterson, the township collector, did not pay the two mill tax to the county collector in the year 1872, as the law directs, but after the state treasurer had returned to the county collector his proportion of the school money, the latter met Patterson, the township collector, on the 31st day of March, 1873, to arrange the school tax.

Patterson still owed the county collector the two mill tax collected in 1872, and it was the duty of the county collector to pay over to Patterson the sum of $5416.07, for the two mill tax school money due to Freehold township. The county collector gave Patterson his check for $5416.07, and Patterson, at same time, gave the county collector his check for a like amount, for the two mill school tax which he should have paid him in 1872, with the understanding that Patterson's check was not to be deposited in bank, until Patterson had first an opportunity to deposit to his own credit the county collector's check.

It is insisted, on behalf of the plaintiffs, that by this adjustment the sureties on Patterson's bond for 1873, are to be charged with this sum of $5416.07.

Sureties for the fidelity of a person in an office of limited duration are not liable beyond that period, nor are they liable for past defaults, unless made so in terms. *Farrar* v. *United States*, 5 *Pet.* 373; *Chitty's Contracts* 522, and cases cited in notes.

If Patterson squandered this money in 1872, the sureties for that year must respond for it, and cannot shift the burden upon the bondsmen of 1873 by the mere ceremony of exchanging checks. If he had the money in bank to pay the check which he gave the county collector, then he actually received in 1873 the sum of $5416.07, for which his sureties of that year would be responsible; but if the check which he received was to be deposited simply to pay the check which he gave,

no other funds being to his credit in bank for that purpose, no money, in fact, came to his hand by the transaction of March 31st, 1873, and he had thereby no funds which his securities for that year were bound to see properly applied.

It would have been, in effect, an agreement to set-off the claim which the county collector had against Patterson in 1872, against the claim which Patterson had for the school money due to Freehold in 1873, by which no funds could come into the hands of Patterson in 1873 to be disbursed. By the mere passing of checks from each to the other of like amount, Patterson received no money. Before he could be in default for not paying money, he must be shown to have received it. If this device could prevail, in like manner the default in any year, or in any number of years, prior to 1872, might have been carried over to 1872, in burden of the sureties of that year, and in relief of those who were upon the bond for the year when Patterson actually received the public moneys, and misapplied them.

The sureties for 1873 cannot be held for such past defaults.

What the real character of this transaction was is a question of fact, and, therefore, a new trial should be granted, that it may be submitted to a jury.